UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EDWARD ANDRICK and LAURIE ANDRICK,

                Plaintiffs,

      -against-                                  Civ. No. 1:17-CV-1058
                                                              (LEK/DJS)

SAINT-GOBAIN PERFORMANCE
PLASTICS CORP., *et al.*,

                Defendants.

**APPEARANCES:**                                         **OF COUNSEL:**

FARACI LANG LAW FIRM                        STEPHEN G. SCHWARZ, ESQ.
Attorneys for Plaintiffs
28 East Main Street - Suite 100
Rochester, NY 14614

DECHERT, LLP                                                    DOUGLAS E. FLEMING, ESQ.
Attorneys for Defendant Saint-Gobain
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036

ARNOLD & PORTER LAW FIRM             ALLYSON HIMELFARB, ESQ.
Attorneys for Defendant Honeywell
601 Massachusetts Avenue N.W.
Washington, DC 20001

SQUIRE PATTON BOGGS                       STEPHANIE E. NIEHAUS, ESQ.
Attorneys for Defendant DuPont
30 Rockefeller Plaza, 23rd Floor
New York, NY 10112

MAYER BROWN, LLP  DANIEL L. RING, ESQ.
Attorneys for Defendant 3M
1221 Avenue of the Americas
New York, NY 10020

**DANIEL J. STEWART**
**United States Magistrate Judge**

# ORDER

On October 4, 2018 this Court held an in-person conference with the attorneys for all parties in the approximately twenty-five Perfluorooctanoic Acid (PFOA) contamination cases presently pending in the Northern District of New York. The purpose of that conference was to work with counsel to coordinate discovery and preserve resources in the largest presently pending litigation in this District. As a result of that conference, a Coordination Order addressing the discovery process was issued in each of the PFOA cases, including the three in which 3M Company and DuPont are presently Defendants: *Andrick v. Saint-Gobain Performance Plastics Corp., et al.,* 17-CV-1058; *Lucey v. Saint Gobain Performance Plastics Corp., et al.,* 17-CV-1054; and *Wickenden v. Saint-Gobain Performance Plastics Corp., et al.,* 17-CV-1056. This Court exercises broad discretion over the conduct of discovery, and, as correctly noted by one treatise in dealing with cases of the size and scope of these PFOA matters: "[t]raditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily." FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION, §

10.22, *Coordination in Multiparty Litigation—Lead/Liaison Counsel and Committees* (4th Ed. 2004).

Defendant 3M Company has now submitted a Letter-Motion for a stay of discovery in the *Andrick, Lucey,* and *Wickenden* matters. Dkt. No. 92. In particular, 3M notes that on September 27, 2018, it filed a Motion with the Judicial Panel on Multidistrict Litigation (the "JPML") seeking to transfer the three actions, along with eighty-four others, to a single federal court for coordinated pretrial proceedings. Defendant requests a stay until that MDL Motion has been decided, which it suggests will be within a few months. *Id.* Alternatively, 3M requests that the Court stay any depositions of all parties until after December 15, 2018. *Id.*

In response to the Letter-Motion, Co-Defendants Honeywell International and Saint-Gobain Performance Plastics Corp., by Honeywell's counsel, indicate that their clients would agree to a brief stay of discovery, but only upon the express condition that the depositions that are presently scheduled of the Honeywell and Saint-Gobain employees proceed and that 3M and DuPont be afforded the opportunity to participate; otherwise they note that their employees would be subject to multiple depositions, thus defeating the purpose of the Coordination Order. Dkt. No. 112.

Counsel for Plaintiffs in the three matters has also written to the Court in response to 3M's request, and expresses his opinion that, for a myriad of reasons, it is unlikely that these pending cases will, in fact, be joined with the seventy-five other cases currently filed in other

districts which relate to firefighting foam products containing the chemical Perfluorooctane Sulfonate (PFOS). Dkt. No. 111. Nevertheless, he also takes the position that Plaintiffs would consent to an order which delays discovery against Defendants 3M and DuPont pending the JPML's decision, so long as the Coordination Order continues to apply and depositions that are taken are available for use in these three actions. *Id*.

Defendant DuPont, for its part, seeks to be exempted from the Court's Standing Order entirely, and as a result to be allowed to conduct discovery of its cases independently from all the other PFOA cases. Dkt. No. 113. DuPont claims that it is prejudiced by its inclusion in the Standing Order because it obligates it to participate in discovery in cases to which it is not a party; it allows parties to seek discovery from it other than as a nonparty; it reduces the time for discovery to a period of less than six months; and finally, because it does not allow the named parties to meet and confer pursuant to the usual procedure. *Id.*

Having considered the respective positions of the parties, the Court grants the request of 3M and DuPont *only* to the extent that it defers any deposition of the 3M or DuPont Defendants until after the decision by the JPML, or until further order of this Court. With regard to 3M's request for a stay as to the remaining aspects of their cases, however, the Court, after careful consideration of the relevant factors, concludes that such a stay is not warranted. It does so for the reasons set forth in the Letter-Brief of Attorney Himelfarb. Dkt. No. 112. In addition, it is of particular importance that the 30(b)(6) witnesses for Saint-Gobain and Honeywell proceed as scheduled. Those depositions are necessary to, among

other things, determine if additional parties need to be added to the pending actions, and therefore it is imperative that they go forward. Many of the concerns expressed by counsel for 3M and DuPont were already considered by the Court in the initial issuance of the Standing Order, including the benefit of joint discovery, the differing progression of discovery in each of the cases, the promotion of resources, and the goal to achieve the most expeditious and cost-efficient resolution of the cases. Those goals will simply not be achieved by allowing individual Defendants to opt out of the coordinated discovery envisioned by the Court.

**WHEREFORE**, it is hereby

**ORDERED**, that the Motion of Defendant 3M to stay the proceedings (Dkt. No. 92) is DENIED, but the Court GRANTS Defendant 3M's alternative request to the extent that it seeks to postpone any depositions of 3M until after a ruling by the JPML or a further order by this Court, and the Court also extends this postponement to any deposition of DuPont; and it is further

**ORDERED**, that the Motion of Defendant DuPont (Dkt. No. 113) to exempt itself from the Standing Order issued in this case is DENIED.

**SO ORDERED**.

Dated: November 16, 2018
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge